# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 9, 2002

## STATE OF TENNESSEE v. SHANTA LAVETT MCKINNEY

**Appeal from the Circuit Court for Tipton County**
**No. 4122      Joseph H. Walker, Judge**

---

### No. W2001-01832-CCA-R3-CD  - Filed May 8, 2002

---

The Defendant, Shanta Lavett McKinney, pled guilty to one count of automobile burglary; one count of theft over $1000; one count of misdemeanor assault; and one count of theft under $500. He was sentenced as a Range I standard offender to one year, six months for the auto burglary; three years for the theft over $1000; eleven months, twenty-nine days for the assault; and eleven months, twenty-nine days for the theft under $500, all sentences running concurrently. Under separate indictment, the Defendant pled guilty to four counts of aggravated burglary; one count of theft between $500 and $1000; and three counts of theft under $500. He was sentenced as a Range I standard offender to five years for each of the burglaries; one year six months for the theft over $500; and eleven months, twenty-nine days for each of the thefts under $500. These sentences were ordered to run concurrently with each other, but consecutively to the previously mentioned sentences, for an effective sentence of eight years in the Department of Correction. In this direct appeal the Defendant challenges both the length of his felony sentences[1] and the trial court's denial of an alternative sentence. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Gary F. Antrican, Somerville, Tennessee, for the appellant, Shanta Lavett McKinney.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and Elizabeth Rice, District Attorney General, for the appellee, State of Tennessee.

---

[1]The Defendant does not contest the trial court's imposition of consecutive sentences.

**OPINION**

The Defendant's four aggravated burglary convictions are Class C felonies, with a sentencing range of three to six years. See Tenn. Code Ann. §§ 39-14-403(b); 40-35-112(a)(3). His theft over $1000 is a Class D felony, with a sentencing range of two to four years; and the thefts between $500 and $1000 are Class E felonies, with a sentencing range of one to two years. See id. §§ 39-14-105(3), (2); 40-35-112(a)(4), (5). The auto burglary is also a Class E felony. See id. § 39-14-402(d). The Defendant's remaining convictions are misdemeanors, and the Defendant does not challenge his sentences on those offenses.

The record does not contain a transcript of the guilty plea proceedings of these various convictions. It is apparent from the transcript of the sentencing hearing and the documents contained in the technical record that a large amount of property was taken during the course of the Defendant's crime spree.

In sentencing the Defendant, the trial court applied as enhancement factors that the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; that he has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and that he was adjudicated to have committed delinquent acts as a juvenile that would constitute felonies if committed by an adult. See Tenn. Code Ann. § 40-35-114(1), (8), (20). As a mitigating factor, the trial court found that the Defendant's conduct neither caused nor threatened serious bodily injury. See id. § 40-35-113(1). Finding that the enhancement factors outweighed the mitigating factor, the trial court sentenced the Defendant to five years for each of the aggravated burglaries; two years more than the minimum but one year less than the maximum. For the theft over $1000, the trial court sentenced the Defendant to three years, a midrange sentence. For the thefts over $500 but less than $1000, the Defendant also received a midrange sentence.

The Defendant now argues that the trial court weighed the enhancement factors too heavily and failed to consider in mitigation that the Defendant is only twenty years old, that he is remorseful, and that his crimes were committed in an effort to provide necessities for his three children.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement

made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presumptive sentence for Class C, D and E felonies is the minimum sentence in the range, increased as appropriate for enhancement factors, and decreased as appropriate for mitigating factors. See Tenn. Code Ann. § 40-35-210(c), (e). So long as the trial court complies with the purposes of sentencing and makes findings supported by the record, the weight given to applicable enhancement and mitigating factors is left to the sound discretion of the trial court. See State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997), overruled on other grounds, State v. Hooper, 29 S.W.3d 1, 8 (Tenn. 2000).

We find that the record supports the trial court's imposition of mid-range sentences. The Defendant's prior criminal record includes two misdemeanors committed while an adult and numerous juvenile convictions, including at least two which would have been felonies if committed as an adult. The Defendant's record therefore supports application of enhancement factors (1) and (20). See Tenn. Code Ann. § 40-35-114(1), (20); State v. Jackson, 60 S.W.3d 738, 742 (Tenn. 2001). Furthermore, the Defendant was serving a suspended sentence when he committed the aggravated burglaries and the theft over $500 but less than $1000, supporting the application of enhancement factor (8) on these offenses. See Tenn. Code Ann. § 40-35-114(8). The proof in support of mitigation is marginal. Given that the trial court's findings of fact are supported by the record, and that the trial court did not abuse its discretion in the weight it assigned to mitigating and enhancement factors, we decline to adjust the length of the Defendant's sentences.

The Defendant also contends that the trial court should have ordered him to serve his sentence on Community Corrections, rather than incarcerated in the Department of Correction. In rejecting an alternative sentence for the Defendant, the trial court found that the Defendant had been placed on release status several times as a juvenile, without success; was on release status at the time he committed several of the instant offenses; and that he "is unemployed, [and has] no stable home life." Finding that an alternative sentence "would not be appropriate due to the nature of the offenses [and] the extensiveness of the criminal activity of [the Defendant] going back over a number of years," the trial court denied alternative sentencing.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence

of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated § 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1); see also State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998). Pursuant to statute, persons who satisfy all of the following minimum criteria are eligible for participation in a community corrections program:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
> (3) Persons who are convicted of nonviolent felony offenses;
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]
> (6) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a). Additionally, persons who do not otherwise satisfy the minimum criteria and who would usually be considered unfit for probation due to histories of chronic alcohol abuse, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community may be considered eligible for participation in a community corrections program. Id. § 40-36-106(c).

However, even though an offender meets the requirements for eligibility, he or she is not automatically entitled to such relief. See Ball, 973 S.W.2d at 294; State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. See Tenn. Code Ann. § 40-36-106(d). This Court has previously noted that a defendant's rehabilitative potential is central to the process of selecting those offenders to place in Community Corrections. See State v. Grigsby, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997). Furthermore, "given their ability to review the offender's demeanor and characteristics first hand, trial courts are in the best position to ascertain an offender's amenability to a community corrections program." Id. Accordingly, this Court will not disturb a trial court's decision to grant or deny a Community Corrections sentence absent a clear abuse of discretion. See id. It remains a defendant's burden to demonstrate that the sentence of total confinement imposed by the trial court is improper. See id. at 544. See also Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

We agree that the Defendant meets the minimum eligibility criteria for Community Corrections and acknowledge that the Community Corrections Supervision Report prepared by Corrections Management Corporation found the Defendant to be a "suitable candidate" for Community Corrections. Nevertheless, the record supports the trial court's determination that the Defendant is not entitled to an alternative sentence. Past efforts to rehabilitate the Defendant have failed. He committed several of the instant crimes while on release status. Although the Defendant is young, he has already compiled a significant criminal history. Incarceration is appropriate, and this issue is therefore without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE