# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 14, 2002 Session

## STATE OF TENNESSEE v. HARLEY B. UPCHURCH

**Direct Appeal from the Criminal Court for Overton County**
**No. 4934     Lillie Ann Sells, Judge**

---

**No. M2001-03170-CCA-R3-CD - Filed September 9, 2002**

---

Defendant pled guilty to burglary, theft under $500, and vandalism under $500 and was sentenced by the trial court to an effective sentence of four years with the requirement that he serve one year "day for day" in the county jail followed by twelve years of supervised probation. On appeal, defendant contends (1) the length of his sentence is excessive; (2) he should have been granted full probation; and (3) the trial court erred in requiring him to serve his time of confinement "day for day." We remand for deletion of the "day for day" requirement because it deprives the defendant of the opportunity to earn statutory sentencing credits; however, we affirm the judgments of the trial court in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed as Modified; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

David N. Brady, District Public Defender; and John B. Nisbet, III, Assistant District Public Defender, for the appellant, Harley B. Upchurch.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Edward Gibson, District Attorney General; and Owen G. Burnett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant pled guilty to burglary, theft under $500, and vandalism under $500 with the sentence to be determined by the trial court. For burglary, the trial court sentenced the defendant to four years to serve one year in confinement followed by twelve years supervised probation. For the misdemeanor offenses of theft under $500 and vandalism under $500, the trial court sentenced the

defendant to eleven months and twenty-nine days for each offense to run concurrently with each other and also concurrently with the burglary sentence.

Testimony at the sentencing hearing indicated that on December 7, 2000, the defendant, while "drunk," broke through a door and burglarized a store in Monroe, Tennessee. He was arrested by officers inside the store; various items had been scattered about in the store.

The nineteen-year-old defendant had a tenth grade education but had secured his GED. He had a sparse work history, had misdemeanor convictions as an adult, and had numerous juvenile adjudications.

Testimony at the sentencing hearing further revealed the victim told the defendant to stay away from the store after this burglary. Nevertheless, the victim had to instruct the defendant on three separate occasions to leave the property.

The trial court applied enhancement factors (1), prior history of criminal convictions or criminal behavior, and (8), previous history of unwillingness to comply with conditions of a sentence involving release. *See* Tenn. Code Ann. § 40-35-114(1), (8). The trial court applied mitigating factor (1), conduct did not cause or threaten serious bodily injury, and gave this mitigating factor little weight. *See* Tenn. Code Ann. § 40-35-113(1). The trial court found no other applicable mitigating factors. The trial court further found the defendant was untruthful in his testimony and exhibited a "*laissez faire*" attitude concerning his sentencing. The trial court further noted the defendant's extensive criminal history and that no prior punishments had been effective to deter defendant's criminal activities. Although the trial court denied total probation, the trial court ordered that the defendant effectively serve one year in confinement followed by twelve years of probation.

## STANDARD OF REVIEW

In defendant's first two issues, he contends the trial court erred by imposing the maximum length of sentences and further erred by denying total probation. We respectfully disagree.

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for the felony offense shall be the minimum sentence within the applicable

range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Kelley, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

## A. Length of Sentences

The range of punishment for burglary, a Class D felony, for a standard offender is from two to four years. *See* Tenn. Code Ann. § 40-35-112(a)(4). The trial court set punishment at four years, the maximum. The range of punishment for the two Class A misdemeanor offenses is any time not greater than eleven months and twenty-nine days. *See* Tenn. Code Ann. § 40-35-111(e)(1). The trial court set punishment for each misdemeanor offense at the maximum.

Defendant contests the trial court's application of enhancement factor (1), prior history of criminal convictions or criminal behavior. *See* Tenn. Code Ann. § 40-35-114(1). The defendant had prior juvenile adjudications for truancy, unruly behavior, domestic assault, delinquency, misdemeanor theft and escape from confinement on a misdemeanor adjudication. The trial court erroneously relied upon the defendant's prior juvenile adjudications in applying this factor. *See* State v. Adams, 45 S.W.3d 46, 58 (Tenn. Crim. App. 2000) (holding juvenile adjudications can now be used for enhancement purposes only under factor (20) and not factor (1)). The defendant's prior juvenile adjudications would not have qualified as felonies as an adult; therefore, they could not be considered under either factor (1) or factor (20). The record also shows the defendant was convicted of underage possession of alcohol when he was over 18 years of age but under 21 years of age. However, Tennessee Code Annotated section 57-3-412(a)(3)(C) (Supp. 2001) expressly provides that "[n]o violation of [this provision]. . . may at any time be used against the violator in any criminal proceeding." Accordingly, underage possession of alcohol could not be considered under factor (1). Nevertheless, the defendant did have misdemeanor convictions as an adult for contributing to the delinquency of a minor and violation of the implied consent law.[1] Furthermore, defendant admitted to using marijuana two months prior to sentencing and illegally using hydrocodone six months prior to sentencing. This criminal behavior, though not resulting in convictions, may also be considered under enhancement factor (1). *See* State v. Carico, 968 S.W.2d 280, 288 (Tenn. 1998). Accordingly, enhancement factor (1) applies.

---

[1]The presentence report reflects the defendant "pled guilty to violation of the implied consent law," was placed on probation for eleven months and twenty-nine days, and had his license revoked. This was not contested at the sentencing hearing. Ordinarily, a violation of the implied consent law is not a criminal offense, and the sanction is revocation of the driver's license. *See* Tenn. Code Ann. § 55-10-406(a)(3). Only under limited circumstances does a misdemeanor conviction result. *See* id. Regardless of whether this violation should be considered under enhancement factor (1) as a criminal conviction or criminal behavior, it would not affect our sentencing determinations.

The trial court erroneously applied enhancement factor (8), prior history of unwillingness to comply with conditions of release into the community, based upon its finding that the current offenses were committed while the defendant was on probation and, further, based upon the defendant's prior juvenile adjudication of escape from a juvenile detention center. Factor (8) only applies to a *previous* history of unwillingness and does not apply where the present offenses were committed while the defendant was on probation. *See* State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995) (emphasis in original). Furthermore, we conclude the escape from juvenile detention does not trigger the application of enhancement factor (8) because *juvenile detention* does not involve release into the community. Nevertheless, we conclude that factor (8) is applicable for reasons not relied upon by the trial court.[2] The defendant was placed upon juvenile probation on November 5, 1997, placed on house arrest, and was subsequently adjudicated for domestic assault committed while he was on house arrest. Violation of a condition of probation as a juvenile qualifies as a previous history of unwillingness to comply with conditions of release into the community. State v. Jackson, 60 S.W.3d 738, 743 (Tenn. 2001) (holding enhancement factor (20) does not prevent juvenile probation violations from being considered under enhancement factor (8)). Accordingly, enhancement factor (8) applies.

The trial court applied mitigating factor (1), conduct did not cause nor threaten serious bodily injury, but gave it little weight. *See* Tenn. Code Ann. § 40-35-113(1). The trial court did not err in giving this mitigating factor little weight. *See* State v. Timothy Alan Hopper, No. 02C01-9709-CC-00371, 1999 Tenn. Crim. App. LEXIS 293, at *12 (Tenn. Crim. App. Mar. 29, 1999, at Jackson), *perm. to app. denied* (Tenn. 1999). Likewise, we find the trial court properly rejected mitigating factor (6), defendant lacked substantial judgment because of his youth. *See* Tenn. Code Ann. § 40-35-113(6). A defendant's youth does not automatically require application of this factor but, rather, we must consider "youth in context" of the circumstances tending to demonstrate the ability to appreciate the nature of the conduct. State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993). Defendant's extensive involvement with the criminal and juvenile justice systems negates this mitigating factor.

Finally, defendant contends the trial court erred in weighing the enhancement and mitigating factors. However, the weight to be given enhancement and mitigating factors is left to the discretion of the trial court. Kelley, 34 S.W.3d at 479.

Based upon our *de novo* review, and in light of the application of enhancement and mitigating factors, we conclude the four-year sentence for burglary and the sentences of eleven months and

---

[2]We note the presentence report reflects defendant was on probation for violation of the implied consent law when he unlawfully possessed alcohol, for which he was subsequently convicted. *See supra* note 1 as to potential invalidity of the probationary penalty for violation of the implied consent law. However, as we have stated, underage possession of alcohol by one over 18 but under 21 years of age is not to be used against the violator in any criminal proceeding. *See* Tenn. Code Ann. § 57-3-412(a)(3)(C) (Supp. 2001).

twenty-nine days for the misdemeanors are appropriate. Further, we will not disturb the length of probation set by the trial court.[3]

## B. Denial of Total Probation

Defendant contends the trial court erred in denying total probation. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and for whom incarceration is not a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. *Id.* at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1).

The trial court did not err in denying total probation. We first note that defendant did receive alternative sentencing in the form of split confinement. *See* Tenn. Code Ann. § 40-35-104(c)(5). We further note that the defendant, even at his young age, has amassed a considerable history of criminal conduct, albeit mostly in the form of juvenile adjudications. Measures less restrictive than confinement have been unsuccessfully applied. The trial court also properly considered the defendant's untruthfulness, which relates to his potential for rehabilitation. *See* State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). Defendant has not met his burden of establishing that full probation should have been granted. This issue is without merit.

---

[3]The period of probation may be for a period up to "the statutory maximum time for the class of the conviction offense." Tenn. Code Ann. § 40-35-303(c). The total range of punishment for burglary, a Class D felony, is from two to twelve years. *See* Tenn. Code Ann. § 40-35-111(b)(4). Thus, the twelve years of probation was within the allowed range. Although we question the wisdom of such a lengthy period of probation, we do not believe that we have an appropriate basis to disturb this sentencing determination by the trial court. *See* State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991) (noting the appellate court may not disturb the sentence imposed by the trial court simply because "we would have preferred a different result").

## **"DAY FOR DAY" CONFINEMENT**

Finally, defendant contends the trial court erred in ordering his one-year confinement in the county jail to be served "day for day." We must agree with his contention.

The order to confine the defendant in the burglary case for one year "day for day" deprives the defendant of the opportunity to earn proper sentencing credits as provided by statute. *See generally* State v. James Kevin Underwood, No. E2000-01945-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 585, at *8 (Tenn. Crim. App. Aug. 2, 2001, at Knoxville); *see also* State v. Clark, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001). An order of confinement for one year in the county jail is governed by Tennessee Code Annotated section 41-21-236(d) relating to sentence reduction credits established by the Department of Correction for felony offenders serving sentences of one or more years in the county jail. Accordingly, we modify the time of confinement to the extent of deleting the "day for day" language set forth in the judgment for the felony offense; thus, defendant will be entitled to earn appropriate sentence credits. The judgments for the two misdemeanor offenses do not have the "day for day" language; thus, the defendant will be entitled to earn good conduct credit toward these sentences. *See* Tenn. Code Ann. § 41-2-111(b). In summary, defendant will be entitled to earn proper sentence reduction credits which will apply toward his one year of confinement in the county jail.

## **CONCLUSION**

We remand to the trial court for entry of an amended judgment in the burglary case deleting the "day for day" language. We affirm the judgments of the trial court in all other respects.

_____
JOE G. RILEY, JUDGE