IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. CALVIN REEVES

**Direct Appeal from the Circuit Court for Humphreys County**
**Nos. 9703, 9705B      Allen W. Wallace, Judge**

_____

**No. M2002-02976-CCA-R3-CD - Filed July 2, 2004**

_____

Following a revocation hearing, the trial court revoked the probation of Defendant, Calvin Reeves, and ordered him to serve the remainder of his sentence in confinement. Defendant does not appeal the revocation of his probation but argues that the trial court erred in imposing a sentence of confinement instead of an alternative form of sentencing. After a thorough review of the record in this matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

William B. Lockert, III, District Public Defender; and Richard D. Taylor, Jr., Assistant Public Defender, for the appellant, Calvin Reeves.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Lisa C. Donegan, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In lieu of a transcript of the hearing which was either lost or destroyed, Defendant filed a Statement of the Evidence which was approved by the trial court. *See* Tenn. R. App. P. 24(c). According to the Statement, on August 2, 2001, Defendant was convicted of the sale of cocaine, a Schedule II drug, and received a sentence of eight years. Defendant's sentence was suspended, and he was placed on probation.

A warrant for violation of probation was issued on January 24, 2002, alleging that Defendant had failed to (1) obey the law; (2) report his arrest on January 17, 2002 for simple possession of a controlled substance; (3) pay the required fees to the court; and (4) observe the curfew imposed during his probation. At Defendant's probation revocation hearing, Gary Hammer, Defendant's

probation officer, testified that Defendant was arrested on December 12, 2001, for possession of Schedule II drugs for the purpose of sale or delivery, possession of drug paraphernalia; and simple possession of a Schedule VI drug. Defendant was again arrested on January 17, 2002, for simple possession of a Schedule VI drug. Mr. Hammer said that Defendant's arrest in December occurred at 2:09 a.m. which was in violation of his 7:00 p.m. curfew. Mr. Hammer also testified that Defendant was five months in arrears on his required fees.

Based upon the evidence presented at the revocation hearing, the trial court revoked Defendant's probation and imposed Defendant's original sentence of eight years to be served in confinement. The trial court found that this was Defendant's second violation of probation. After his first violation, Defendant served a period of incarceration and was then placed on probation again during the term of which he once more committed drug-related offenses. The trial court found that confinement was appropriate because Defendant had demonstrated an inability to abide by the terms of his probation. Defendant does not appeal the revocation of his probation but argues that the trial court erred in not granting him a second probation or other form of alternative sentencing in lieu of incarceration.

A revocation of probation is subject to an abuse of discretion standard of review. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code. Ann. §§ 40-35-310 and -311. The trial court retains the discretionary authority to order the defendant to serve his or her sentence in confinement. *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999).

Defendant argues that the trial court failed to consider the sentencing principles and all relevant factors and circumstances prior to ordering Defendant to serve his original sentence in confinement. Defendant contends that none of the criteria supporting a sentence of confinement are present in his case. That is, Defendant maintains that he does not have a long history of criminal conduct, and confinement is unnecessary to avoid depreciating the seriousness of the offense or to provide an effective deterrent to others from committing similar crimes. *See* Tenn. Code. Ann. 40-35-103(1). Defendant's arguments against incarceration in this case, however, are misplaced in the context of a revocation hearing.

Before imposing a sentence, a trial court must conduct a sentencing hearing in accordance with Tennessee Code Annotated section 40-35-209. The sentencing principals cited by Defendant and embodied in Tennessee Code Annotated sections 40-35-102 and -40-35-103 govern all sentencing determinations. Tenn. Code Ann. § 40-35-102, Sentencing Commission Comments. At the conclusion of a defendant's sentencing hearing, a trial court has the authority to determine if a period of probation is appropriate. Tenn. Code Ann. § 40-35-303(b). If the trial court so determines, it must sentence the defendant to a specific sentence and then suspend the execution of all or part of the sentence while the defendant is placed on probation. *Id.* 40-35-303(c).

A defendant is not subject to resentencing under the parameters of Tennessee Code Annotated section 40-35-209, however, as a result of the revocation of his or her probation. *State v. Samuels*, 44 S.W.3d 489, 495 (Tenn. 2001). Nor does a ruling that a probation violation has occurred result in a new conviction. *State v. Jackson*, 60 S.W.3d 738, 743 (Tenn. 2001).

After a defendant is sentenced to the Department of Correction, the trial court loses jurisdiction and regains jurisdiction only for the purpose of revoking probation. *Id.* 40-35-212(d) and 40-35-311(d); *Samuels*, 44 S.W.3d at 495. The procedures for revocation of probation are governed by the provisions of Tennessee Code Annotated sections 40-35-310 and 40-35-311. While the decision to revoke probation rests within the sound discretion of the trial court, the statutory options extended to the trial court after finding that revocation is appropriate are limited. *Hunter*, 1 S.W.3d at 647; *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." *Hunter*, 1 S.W.3d at 648. The trial court has no authority to impose a new sentence upon the defendant or increase the length of the defendant's original sentence. *State v. Taylor*, 992 S.W.2d 941, 945 (Tenn. 1999); *State v. Bowling*, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997). *See also Young v. State*, 101 S.W.3d 430, 432 (Tenn. Crim. App. 2002) (Order revoking probation and reinstating original sentence does not impose a new sentence subject to post-conviction attack).

The evidence during Defendant's revocation hearing supports the trial court's finding that Defendant violated the terms of his probation. Based upon the evidence before us, we cannot say that the trial court abused its discretion in ordering Defendant to serve his eight-year sentence in the Department of Correction.

## CONCLUSION

The judgment of the trial court is accordingly affirmed.

_____
THOMAS T. WOODALL, JUDGE