# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 5, 2014

## FREDERICK PARKS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-13118    Roy Morgan, Jr., Judge**

_____

**No. W2013-01601-CCA-R3-ECN - Filed April 30, 2014**

_____

In 2000, the Petitioner, Frederick Parks, pled guilty to one count of escape. The trial court sentenced him to one year in the Tennessee Department of Correction, to be served consecutively to a prior six-year sentence as well as any other prior sentences. This Court affirmed the Petitioner's convictions on appeal. *State v. Frederick Parks*, No. W1999-01357-CCA-R3-CD, 2000 WL 1672341, at *4 (Tenn. Crim. App., at Jackson, Oct. 27, 2000), *no Tenn. R. App. P. 11 filed*. In 2012, the Petitioner filed a petition for habeas corpus relief, which was dismissed. This Court affirmed the dismissal of the petition on appeal. *Frederick Parks v. Cherry Lindamood*, No. W2013-00361-CCA-R3-HC, 2013 WL 6529307, at *3 (Tenn. Crim. App., at Jackson, Dec. 10, 2013), *no Tenn. R. App. P. 11 filed*. In 2013, the Petitioner filed a petition for a writ of error coram nobis, in which he presented multiple claims, including that his guilty plea to the escape charge had been illegally induced by the prosecutor. After a hearing, the coram nobis court dismissed the petition. On appeal, the Petitioner alleges that the coram nobis court erred when it dismissed his petition, contending that the newly discovered evidence warrants a waiver of the statute of limitations. After a thorough review of the record and applicable authorities, we affirm the coram nobis court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Frederick Parks.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION
## I. Facts

### A. Background and Direct Appeal

In our opinion in the Petitioner's direct appeal of his conviction, we summarized the facts of the case as follows:

> In September 1995, the [Petitioner] was employed by a temporary employment agency. Through the temporary employment agency the [Petitioner] was assigned to work at Jackson Metal Services, Inc. Sometime during the night of September 16, 1995, and the early morning hours of September 17, 1995, Jackson Metal Services, Inc. was burglarized. During the burglary two doors leading inside the building and several desk drawers were pried open. In addition to the damage done to the doors and desk drawers, the office was "ransacked." It was later discovered that several checks and two two-way radios were taken during the burglary. At least one of the checks stolen during the burglary was a payroll check.
>
> Around the time of the burglary the [Petitioner] borrowed some money from an acquaintance. In return, the [Petitioner] gave the acquaintance an endorsed payroll check drawn by Jackson Metal Services, Inc. and made out to a sales representative employed at Jackson Metal Services, Inc. The [Petitioner] told the acquaintance that if he did not return with her money by a certain day she could cash the check. The acquaintance asked if the check was stolen and the [Petitioner] replied that it was not. The [Petitioner] further stated that the check was given to him by the person the check was made out to. Subsequently, a friend of the acquaintance attempted to cash the check for the acquaintance. When the check was presented to the bank for payment, a records check done by the bank revealed that the check was stolen. The bank retained the check and contacted the police.
>
> The police subsequently talked to the acquaintance and instructed her to contact them when she saw the [Petitioner] again. Shortly thereafter, the [Petitioner] rented a room from her and the police were notified. The [Petitioner] was later arrested.

*State v. Parks*, 2000 WL 1672341, at *1.

In 2012, the Petitioner filed a petition for a writ of habeas corpus, and the trial court dismissed the petition. This Court affirmed the dismissal of the petition, reciting the following procedural history and facts:

On or about August 17, 1999, [the] Petitioner was incarcerated in the Madison County Penal Farm pursuant to a sentence of six years, served by split confinement for convictions of burglary and theft. On that date, [the] Petitioner committed the Class E felony offense of escape. On January 18, 2000, [the] Petitioner pled guilty to the felony escape charge and received a sentence of one year to the Tennessee Department of Correction. This sentence was also ordered to be served by split confinement with ninety days of confinement preceding the balance to be served on probation. Furthermore, the sentence for felony escape was ordered to be served consecutively "to any priors."

[The] Petitioner alleges in his habeas corpus petition that "following the aforementioned [January 18, 2000] sentence proceedings, [the] [Petitioner] was released from the custody of the jail to [re]continue [sic] serving probation on the prior conviction [burglary and theft, sentence of six years]." On November 22, 2002, a probation violation warrant was issued for the initial six-year sentence for burglary and theft. However, no probation violation warrant was issued for the felony escape sentence at that time.

Notably, [the] Petitioner was not arrested on the November 22, 2002, probation violation warrant until February 12, 2011. Finally, over a year later on April 10, 2012, a probation violation warrant for the probated sentence related to the felony escape conviction was issued. The grounds for revoking probation in the felony escape case were identical to the grounds alleged over nine years earlier in the probation violation warrant related to the burglary and theft conviction. Although the precise disposition of the probation violation warrant regarding the six-year sentence for burglary and theft is not clear from the record, [the] Petitioner states in his petition that his probation for the felony escape sentence was revoked on April 10, 2012. A copy of that order is in the record and was attached to his habeas corpus petition.

In his petition for habeas corpus relief filed on December 28, 2012, [the] Petitioner specifically alleges that his one-year suspended sentence for felony escape, wherein the original judgment was entered on January 20, 2000, had long since expired prior to the issuance of the probation violation warrant on April 10, 2012. Accordingly, [the] Petitioner alleged that he was entitled

-3-

to habeas corpus relief because he is being incarcerated for a sentence that has already expired.

Approximately two weeks after the habeas corpus petition was filed, the trial court dismissed it without appointing counsel or having an evidentiary hearing. Dismissal was based upon a finding that the revocation order did not sentence [the] Petitioner to a new sentence, but instead ordered him to serve the originally imposed sentence and that his sentence for felony escape had not yet expired.

*Frederick Parks v. Cherry Lindamood*, 2013 WL 6529307, at \*1.

## B. Writ of Error Coram Nobis

In May 2013, the Petitioner filed a petition for post-conviction relief. The Petitioner alleged that his guilty plea was unlawfully induced by the State when the prosecutor in his case "convinced the [P]etitioner that if [the Petitioner] would enter a plea of guilty to the [2012] probation violation warrant in question, it would not effect [sic] [the Petitioner's] sentence because 'pre-trial jail credit . . . would eat up the sentence in TDOC[.]'" In his petition, the Petitioner further alleged that he had been denied the effective assistance of counsel in the probation revocation proceeding and that his conviction for a probation violation subjected him to double jeopardy. The trial court dismissed the petition, stating that post-conviction relief could not "be utilized as a basis for challenging the revocation of probation pursuant to *Young v. State*, 101 S.W.3d 430 (Tenn. Crim. App. 2002)." The trial court further stated that the original judgment was entered on January 18, 2000, and, thus, the Petitioner's petition for post-conviction relief was not timely filed.

The Petitioner subsequently filed a Motion for Reconsideration, requesting that the trial court treat his petition for post-conviction relief as a petition for writ of error coram nobis and decide the Petitioner's complaint "on its merit[.]" The trial court granted the Petitioner's motion and appointed counsel. A hearing was held, after which the trial court dismissed the petition for writ of error coram nobis on the grounds that the Petitioner had not satisfied the burden of proof that new evidence existed or that the issues raised would have resulted in a different judgment. The trial court stated:

[N]o evidence was presented as to what exact evidence would be introduced at a new hearing demonstrating that [the Petitioner] had not violated probation. It is clear from the testimony that what the [P]etitioner is seeking is to be awarded jail credits. The writ of error coram nobis is not the appropriate vehicle for determining jail credits. This Court clearly outlined in

-4-

the revocation order the jail credits that were to be awarded. This Court heard previous motions of this [Petitioner] to be awarded jail credits and the Court has ordered that the pleadings be dismissed . . . .

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred when it dismissed his petition for a writ of error coram nobis because the relief he is seeking is consistent with the "remedial nature of the underlying law" of a writ of error coram nobis. He contends that, once he determined that the prosecutor's representations were false, he filed his petition, and he states that he could not have known about the falsity at the time of his probation revocation hearing. The State responds that a probation revocation decision is not reviewable under a coram nobis action, and, even so, the Petitioner has not demonstrated that he is entitled to coram nobis relief. The State argues that the Petitioner did not put on proof of newly discovered evidence in relation to his probation revocation charge, and he cannot make a showing that this alleged evidence would have resulted in a different judgment.

### Availability of Coram Nobis Relief

We must address whether coram nobis relief is available to a petitioner seeking relief from a probation revocation. A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2012). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by this Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact

unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)).

To establish that he is entitled to a writ of error coram nobis, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence; (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition. *Id.* at 375.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332, *6 (Tenn. Crim. App. Dec. 13, 2006), *no Tenn. R. App. P. 11 filed*. A petition of either type "'may be dismissed without a hearing, and without the appointment of counsel for a hearing'" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id.* (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn. 1967)).

In this case, the State contends that a probation revocation is not a decision for which coram nobis relief is available, contending that the probation revocation does not constitute a "trial" as defined by the statute. *See* T.C.A. § 40-26-105(a) (stating "if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial"). In *Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012), our Supreme Court addressed the issue of whether a guilty plea proceeding was a "trial" within the meaning of the coram nobis statute. *Id.* at 503-04. In so doing, the Court discussed the various meanings of the word "trial," and it held that, because "'the waiver of fundamental constitutional rights is implicated when an accused enters a plea of guilty,'" a guilty plea hearing is a "trial" within the meaning of the statute and thus subject to the writ of error coram nobis. *Id.* at 504.

In *State v. Coggins*, this Court conducted a similar analysis as to whether a probation revocation hearing is a "trial," but came to a different conclusion, stating the following:

> It is generally recognized that there is a distinction between probation violation proceedings and criminal trials." *State v. Jackson*, 60 S.W.3d 738, 743 n.5 (Tenn. 2001) (citing *Barker v. State*, 483 S.W.2d 586, 589 (Tenn. Crim. App. 1972)). Further, unlike a trial, "'[a] parole revocation proceeding is not an adversarial proceeding.'" *Barker*, 483 S.W.2d at 589 (quoting *United States ex rel. Sperling v. Fitzpartrick*, 426 F.2d 1161 (2d Cir.1970)). Under this analysis, a probation revocation hearing is not a "trial[.]"

*State v. Coggins*, No. M2008-00104-CCA-R3-CD, 2009 WL 482491, at *4 (Tenn. Crim. App., at Nashville, Feb. 25, 2009), *no Tenn. R. App. P. 11 filed*.

We conclude that a probation revocation, unlike the entry of a guilty plea, is not a "trial" within the meaning of the coram nobis statute. That statue, then, is not available to challenge a probation revocation. Accordingly, the Petitioner's coram nobis petition has not stated a cognizable claim for relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the coram nobis court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE