# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs January 7, 2003

## STATE OF TENNESSEE v. DARYL ADRIAN BENJAMIN INGRAM

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 01-373, 01-374, and 01-375      Donald H. Allen, Judge**

---

**No. W2002-00936-CCA-R3-CD  - Filed February 26, 2003**

---

The defendant entered "open" guilty pleas to eight counts of aggravated robbery and two counts of attempted aggravated robbery. The trial court imposed an effective forty-year sentence. On appeal, the defendant argues: (1) his sentences are excessive; and (2) the trial court erred in imposing partial consecutive sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Ramsdale O'DeNeal, Jr., Jackson, Tennessee, for the appellant, Daryl Adrian Benjamin Ingram.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty to committing eight aggravated robberies and two attempted aggravated robberies between December 14, 2000, and January 22, 2001. Following a sentencing hearing, the trial court imposed a ten-year sentence for each aggravated robbery and a four-and-one-half-year sentence for each attempted aggravated robbery. The trial court further ordered four of the ten-year sentences to be served consecutively, for an effective sentence of forty years.

## I.  WAIVER

The record before this court does not contain a transcript of the guilty plea. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea is usually necessary in order for this court to ascertain the facts and circumstances surrounding the offenses. Indeed, the guilty plea hearing is the equivalent of a trial. *Id*. at 843. In

the absence of a transcript of a guilty plea, this court must generally conclude that the sentences imposed by the trial court are correct. *Id.* at 844.

In the instant case, the trial court specifically stated it was considering the evidence presented during the defendant's guilty plea in making its sentencing determinations. Therefore, the defendant has clearly waived the issues he has raised on appeal. However, despite this waiver, the record before this court supports the sentences imposed by the trial court.

## II. STANDARD OF REVIEW

When a defendant challenges the length, range, or manner of service of a sentence, this court conducts a *de novo* review of the record with a presumption that the determinations made by the sentencing court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after duly considering and weighing the factors and principles set out under the sentencing law, and its findings are adequately supported by the record, then we may not disturb the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). However, if the trial court failed to comply with the statutory guidelines, we must review the sentence *de novo* without a presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

## III. LENGTH OF SENTENCES

After finding the defendant to be a Range I standard offender, the trial court found six enhancement factors applied to all of his sentences: factor (1), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; factor (2), the defendant was a leader in the commission of an offense involving two or more criminal actors; factor (7), the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; factor (8), the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; factor (10), the defendant had no hesitation about committing a crime when the risk to human life was high; and factor (16), the crime was committed under circumstances under which the potential for bodily injury to the victim was great. *See* Tenn. Code Ann. § 40-35-114(1), (2), (7), (8), (10), (16) (1997). The trial court also applied two mitigating factors: factor (6), the eighteen-year-old defendant, because of his youth, lacked substantial judgment in committing the offense; and factor (13), any other factor consistent with this chapter, based on the defendant's cooperation with law enforcement and expressions of remorse. *See id.* § 40-35-113(6), (13). Applying these factors, the trial court imposed a mid-range ten-year sentence for each aggravated robbery and a mid-range four-and-one-half-year sentence for each attempted aggravated robbery.

The defendant contests the application of only one enhancement factor, factor (1), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. *See id.* § 40-35-114(1). The trial court applied this factor based on its findings that: (1) the defendant had juvenile adjudications for theft of property under five hundred dollars, disorderly conduct, and criminal trespass; (2) there was evidence the

defendant committed simple assault upon one of his high school teachers as a juvenile; and (3) the defendant admitted using cocaine on a regular basis.

First, we note that juvenile adjudications cannot be used as a basis for applying enhancement factor (1). *See* State v. Jackson, 60 S.W.3d 738, 742 (Tenn. 2001). Juvenile adjudications can only be used under enhancement factor (20). *Id.* None of the acts or alleged criminal behavior committed by the defendant as a juvenile would have been a felony had he been an adult; therefore, none of them would have formed a basis for the application of enhancement factor (20). *See* Tenn. Code Ann. § 40-35-114(20) (1997). However, during his testimony at sentencing, the defendant admitted to cocaine use as an adult. This evidence was sufficient to support the trial court's finding that the defendant's sentences should be enhanced based on his history of criminal behavior.

Further, the trial court properly applied enhancement factor (2), the defendant was a leader in the commission of an offense involving two or more criminal actors. *See id.* § 40-35-114(2) (1997). Proof at sentencing established the defendant solicited the assistance of others in committing the offenses. The trial court also correctly applied enhancement factor (8), the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, *see id.* § 40-35-114(8), based on proof that the defendant violated probation as a juvenile. *See* Jackson, 60 S.W.3d at 744.

Our review indicates the trial court incorrectly applied three enhancement factors: factor (7), the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; factor (10), the defendant had no hesitation about committing a crime when the risk to human life was high; and factor (16), the crime was committed under circumstances under which the potential for bodily injury to the victim was great. *See* Tenn. Code Ann. § 40-35-114(7), (10), (16) (1997).

The trial court found the offenses were committed to gratify the defendant's desire for pleasure or excitement because the defendant's motive was to obtain money for cocaine. While the evidence at sentencing supports the trial court's finding that the defendant committed the offenses to support his drug habit, these circumstances alone do not justify the application of enhancement factor (7). *See* State v. Chad Douglas Poole, No. 02C01-9506-CC-00178, 1996 Tenn. Crim. App. LEXIS 58, at *8 (Tenn. Crim. App. Jan. 31, 1996, at Jackson) (holding the trial court erred in applying enhancement factor (7) where the desire to buy drugs motivated crime), *aff'd,* 945 S.W.2d 93, 95 (Tenn. 1997). In order for this enhancement factor to apply, the state must prove the defendant committed the offense to experience pleasure or excitement from the offense itself and not as a by-product of the offense. *See* State v. Anthony Jones, No. 03C01-9807-CR-00245, 1999 Tenn. Crim. App. LEXIS 694, at **18-19 (Tenn. Crim. App. July 14, 1999, at Knoxville).

The trial court applied enhancement factor (10), the defendant had no hesitation about committing a crime when the risk to human life was high, and enhancement factor (16), the crime was committed under circumstances under which the potential for bodily injury to the victim was great, because a gun was displayed during each offense. There is necessarily a risk to human life and a great potential for bodily injury whenever a deadly weapon is used. State v. Hill, 885 S.W.2d 357, 363 (Tenn. Crim. App. 1994). Therefore, these enhancement factors were inherent in the defendant's

convictions for aggravated robbery and attempted aggravated robbery; the trial court should not have used them to enhance the defendant's sentences.

Since the trial court improperly applied enhancement factors, our review of its sentencing decisions is *de novo* without a presumption that the sentences imposed were correct. *See* State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, the wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000). Based upon our *de novo* review, we conclude the mid-range sentences of ten years for the aggravated robbery convictions and four and one-half years for the attempted aggravated robbery convictions are appropriate in light of the application of enhancement factors (1), (2), and (8) and the mitigating factors applied by the trial court. Therefore, we decline to disturb the length of the defendant's sentences.

## IV. CONSECUTIVE SENTENCING

The defendant argues the trial court erred in imposing partial consecutive sentencing. Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that

. . . .

(2) [t]he defendant is an offender whose record of criminal activity is extensive; [or]

. . . .

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

. . . .

Tenn. Code Ann. § 40-35-115(b) (1997).

The trial court found the defendant to be a "dangerous offender." If a court concludes the defendant is a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4), it must make two further determinations in addition to applying general sentencing principles. State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002). First, the court must find an extended sentence is necessary to protect the public from further criminal conduct by the defendant, and, second, it must find consecutive sentencing to be reasonably related to the severity of the offenses. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). The trial court made those findings in this case, and the evidence supports its findings.

The trial court also implicitly found the defendant's record of criminal activity was extensive based on the number of offenses involved in the instant case. A court may consider the offenses for

which a defendant is being sentenced in determining whether the defendant has an extensive record of criminal activity. *See* <u>State v. Timothy Jason Solomon</u>, No. E1999-00991-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 63, at *4 (Tenn. Crim. App. Jan. 27, 2000, at Knoxville), *perm. to app. denied* (Tenn. 2000).

We conclude the trial court properly determined the defendant had an extensive record of criminal activity, and the defendant was a dangerous offender. It did not abuse its discretion in imposing partial consecutive sentencing.

## CONCLUSION

The defendant has waived all issues relating to sentencing by failing to include a transcript of his guilty plea with the appellate record. Regardless, the appellate record supports the sentences imposed by the trial court. Accordingly, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE