# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs June 2, 2015

## GEORGE PRINCE WATKINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. 86-521, 90-227, 90-161, 90-935      Don H. Allen, Judge**

_____

**No. W2014-02393-CCA-R3-CD  -  Filed October 15, 2015**
_____

ROBERT L. HOLLOWAY, JR., J., concurring in part and dissenting in part.

I concur with the majority's conclusion that the Appellant has presented a colorable claim as to case numbers 90-227, 90-161, and 90-935 and that those cases must be remanded for appointment of counsel and a hearing unless waived by the parties.  I respectfully disagree with the majority's conclusion that the Appellant presented a colorable claim as to case number 86-521, and I would affirm the summary dismissal of the motion as to that case.  I write separately to explain my opinion concerning each of the four cases and to express my opinion that a felony committed while a defendant is released on bail for a probation violation does not trigger mandatory consecutive sentencing, and that if following the hearing on remand, the trial court determines that the six-year, illegal concurrent sentence entered in 1990[1] has been fully served and has expired, then the promise of concurrence has been fulfilled, and the claim raised by the Rule 36.1 motion is moot.

## *Analysis*

**Case number 86-521**. The Appellant's Rule 36.1 motion does not claim that he was on bail, parole, or escape status in 1986 when he committed the offense of first degree burglary.  He pleaded guilty to first degree burglary and

---

[1] The six-year sentence in case number 90-161 and a four-year sentence in case number 90-935 were ordered to be served concurrently with each other and concurrently with the six-year sentence in case number 90-227.  Accordingly, if the six-year sentence in case number 90-227 has been fully served and is expired and the concurrency was honored, all of the sentences in these three cases have been fully served and have expired.

received a five-year probated sentence. The Appellant failed to present a colorable claim that this five-year sentence was illegal. Therefore, I would affirm the summary dismissal of the motion as to case number 86-521.

**Case numbers 90-227, 90-161, and 90-935 allegedly committed while on bail for a probation revocation in case number 86-521.** The Appellant claims that his sentences in case numbers 90-227, 90-161, and 90-935 were illegally ordered to be served concurrently because he committed the felony offenses in these cases while he was released on bail for a probation violation in case number 86-521.[2] I disagree. Consecutive sentences are not required for offenses committed while a defendant is on probation. Terry Earl Jackson v. State, No. E2014-01511-CCA-R3-PC, 2015 WL 1744173, at \*2 (Tenn. Crim. App. April 14, 2015). Additionally, Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3) mandate consecutive sentencing for a felony committed while a defendant is on bail *only* if the defendant "is convicted of both offenses." Black's Law Dictionary defines "offense" as: "A felony or misdemeanor; a breach of the criminal laws; violation of the law for which penalty is prescribed." Black's Law Dictionary 1081 (6th ed. 1990); see also 22 C.J.S. Criminal Law § 3, at 4 (1989) (stating that "[t]he terms 'crime,' 'offense,' and 'criminal offense' are all said to be synonymous, and ordinarily used interchangeably"). Probation is a form of alternative sentencing, and no part of the criminal code classifies a probation violation as a criminal offense. See State v. Jackson, 60 S.W.3d 738, 743 (Tenn. 2001). Additional support for this reasoning is found in Tennessee Rule of Criminal Procedure 32(c)(2)(A)(i), which gives the trial court discretion to order a sentence for an offense committed before a sentence for a prior offense has been fully served to be served concurrently with or consecutively to the prior sentence. Accordingly, I would hold that the Appellant failed to state a colorable claim that the sentences in case numbers 90-227, 90-161, and 90-935 were required to be served consecutively to the sentence in case number 86-521.

**Case number 90-161 committed allegedly while on bail for 90-227; and case number 90-935 allegedly committed while on bail for 90-227 and 90-161.** However, the Appellant also claims that he was released on bail in case number 90-227 when he was arrested for a felony drug offense in case number 90-161 and

---

[2] It is difficult to determine from the motion if the Appellant is claiming that he was on bail for the probation violation warrant or on bail during the appeal of the revocation of his probation. The documents attached his motion show that his probation was revoked on April 7, 1989. Since the offense dates in case numbers 90-227, 90-161, and 90-935 are after the date his probation was revoked, it appears the Appellant was on bail pending the appeal of the revocation of his probation. However, for the purposes of this opinion, it makes no difference if he was on bail for the revocation warrant or during the appeal of the revocation of his probation.

that, after being released on bail in case number 90-161, he was arrested for another felony drug offense in case number 90-935. Because the Appellant presented a colorable claim that he committed the felony offense in case number 90-161 while released on bail in case number 90-227 and the sentences were illegally ordered to be served concurrently, I concur in the lead opinion's remand of case number 90-161 to the trial court for a hearing. Likewise, because the Appellant presented a colorable claim that he committed the felony offense in case number 90-935 while he was on bail in case numbers 90-227 and 90-161 and the sentences were ordered to be served concurrently, I concur in the remand of case number 90-935 to the trial court for a hearing. Because the record is not clear whether the concurrent sentence in case number 90-227 was part of a global plea agreement with case numbers 90-161 or 90-935, I also concur in the lead opinion's remand in case number 90-227.

**Mootness and judiciability.** If the evidence at the hearing proves that the Appellant's entire effective six-year sentence has been fully served and has expired or that the concurrency of the sentences in case numbers 90-227, 90-161, and 90-935 has been honored, it is my opinion that the controversy is moot, the motion is not judiciable, and the trial court should deny the motion. See State v. Albert H. Taylor, No. W2014-02446-CCA-R3-CD, _____ WL _____, at *__ (Tenn. Crim. App. ____, 2015) (Holloway, J., concurring in results only) (citing Summers v. State, 212 S.W.3d 251, 258 (Tenn. 2007); McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994); State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014), perm. app. granted (Tenn. May 15, 2015); Derrick Sawyers v. State, No. M2007-01598-CCA-R3-HC, 2008 WL 2901628, at *5 (Tenn. Crim. App. Jul. 24, 2008), perm. app. denied (Tenn. Jan. 20, 2009); Derrick Sawyers v. State, No. M2006-00607-CCA-R3-HC, 2007 WL 152230 at *1 (Tenn. Crim. App. Jan. 16, 2007)).

If the trial court determines that any of the Appellant's sentences in these cases have not expired, the trial court should first determine for each unexpired sentence if the underlying felony was committed while the Appellant was released on bail for an offense and received an illegal concurrent sentence. Next, the trial court should determine if the illegal sentence was the result of a plea agreement and, if so, determine if the illegal provision was a material component of that plea agreement. See Tenn. R. Crim. P. 36.1. If the trial court determines that the illegal provision was a material component of the plea agreement, then the Appellant should be given the opportunity to withdraw his plea.

_____
ROBERT L. HOLLOWAY, JR., JUDGE