IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 30, 2019

**STATE OF TENNESSEE v. TAIRON SLAPPEY**

**Appeal from the Criminal Court for Knox County**
**No. 113201   G. Scott Green, Judge**

_____

**No. E2018-01380-CCA-R3-CD**

_____

Tairon Slappey, Defendant, pled guilty to one count of aggravated assault and one count of domestic assault with a recommendation from the State that he receive concurrent sentences of three years as a Range I offender for aggravated assault and eleven months and twenty-nine days for domestic assault.  The manner and method of service were to be determined by the trial court.  Following a sentencing hearing, the trial court ordered Defendant to serve three years in the Tennessee Department of Correction.  After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Mark E. Stephens, District Public Defender; and Michael R. Tabler, Assistant Public Defender, for the appellant, Tairon Slappey.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Charme Allen, District Attorney General; and Molly Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was charged with one count of aggravated assault involving strangulation for allegedly choking his wife and one count of domestic assault for striking his stepdaughter with his fist when she attempted to intervene on behalf of her mother. At the Plea Submission Hearing, the parties announced that Defendant would plead guilty as charged with a recommendation from the State that he be sentenced to three years as a

Range I offender for aggravated assault and to a concurrent eleven months and twenty-nine days for domestic assault, with the manner and method of service to be determined following a sentencing hearing. After advising and questioning Defendant concerning his rights and establishing a factual basis, the trial court accepted the plea and set the sentencing hearing for July 20, 2018.

At the sentencing hearing, the State introduced the Investigation Report from the Tennessee Department of Correction ("the presentence report"), a report from the Knoxville Sheriff's Office Community Alternative to Prison Program ("the CAPP report"), and an "Appropriate for Enhanced Probation" report as collective exhibit 1. Defendant introduced a letter from "Helen Ross McNabb" "outlining [Defendant]'s treatment while in jail as well as any release plans they have" as exhibit 2. Neither the State nor Defendant called a witness, but the trial court allowed Defendant to make an unsworn statement.

Counsel for Defendant argued that enhanced probation would be appropriate because Defendant had been on his medications for bipolar depression during his four months in jail and that he was "compliant" when properly medicated. Counsel said Defendant was "engaging with Helen Ross McNabb for medication management, anger management, as well as an intensive outpatient program" and that Defendant "was eager to take advantage of these opportunities[.]" Counsel said Defendant had a place to stay separate from his wife and stepdaughter and had a job opportunity.

Included as part of collective exhibit 1, was the CAPP report of the "Day Reporting Center." The report noted that Defendant admitted to "a substance abuse history beginning at age 23 including alcohol, cocaine, MDMA[ecstasy] and his drug of choice, cannabinoids." The Day Reporting Center Director's "concerns/recommendations" were:

> It is NOT recommended that [Defendant] be instructed and court-ordered to complete the TDOC Day Reporting Center program. During the assessment, [Defendant] shared that he does not believe he has a drug addiction and "don't need it [drugs]." He also stated that his motivation for wanting to participate in the program is that he would be able to return home. He did express interest in receiving counseling, but this could be accomplished through outpatient services.

The State argued that Defendant would likely not "be successful on probation."

The trial court asked Defendant, "[I]s there anything you wish to say before the Court pronounces judgment in your case?" Defendant stated:

Yeah. I mean, I was off my medicine when things like that happened. It's no excuse, you know what I mean, wrong was wrong. You know, I apologize and stuff, but, you know, but the last few months I've had time to reflect, you know what I mean. But saying I can't be with my wife, that's – that's an understatement because you're seeing one thing. That's not me. I didn't have my medicine. No insurance. You know what I mean. I was just going through something in that time, but, you know, the past four months I had time to reflect and, you know, regain things and start kind of putting stuff back where it needed to be at. You know, seek treatment, after that, you know, go to AA and stuff like that. You know, I can't stand here and say that I didn't have a problem because, obviously, I did because I wouldn't be here. You know, and I take full responsibility of it. And if you give me probation, I would thank you.

Near the conclusion of the sentencing hearing, the trial court articulated its reasons for denying probation and ordering Defendant to serve the three-year sentence in the Department of Correction:

Well, unfortunately, [Defendant], your good record follows you into this courtroom, and your bad record follows you into this courtroom. You were on misdemeanor probation when this crime occurred. You already received a significant break in this case, you should be a range two offender. Your lawyer worked out a range one sentence at the bottom of the range for three years.

According to my count in this presentence investigation report, you had seven juvenile citations when you were a juvenile. You have three felony convictions and 42 misdemeanor convictions in addition to 86 other arrests. You have a history of multiple violations of probation and you're rated high for violence. You're just one I can't take a chance on. If you would, sir, please stand up.

On July 20, 2018, Defendant filed a Motion for Reduction of Sentence pursuant to Tennessee Rule of Criminal Procedure 32(b) and Tennessee Code Annotated section 40-35-212. The trial court entered an order denying the motion on July 24, 2018, and Defendant timely appealed.

## Analysis

On appeal, Defendant asks this court to conduct a de novo review of the denial of an alternative sentence alleging that the trial court failed to adequately state its reasons

for ordering the sentence to be served. Defendant also claims the trial court committed plain error in relying on "unreliable and inadmissible hearsay" in determining Defendant's criminal history and erred in considering Defendant's juvenile record.

The State claims that this court should not apply de novo review to the trial court's sentencing decision, that the trial court did not commit plain error, and that the trial court properly denied an alternative sentence. We agree with the State.

### Standard of Review

When a defendant challenges the denial of probation or other alternative sentence, this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness if that decision is based on a proper application of the purposes and principles of sentencing. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012), *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A court only abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Kyto Sihapanya*, 516 S.W.3d 473, 475 (Tenn. 2014) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)).

To facilitate meaningful appellate review of a sentencing decision, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2017); *Bise*, 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Id.*, at 705-06. The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401 (2010), Sent'g Comm'n Cmts*.; see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

### Purposes and Principles of Sentencing

The purpose of sentencing is to "promote justice" by insuring that defendants are punished "in relation to the seriousness of the offense" and in a manner that eliminates unjust disparity and provides predictability. *See* Tenn. Code Ann. § 40-35-102(1), (2) (2017). Punishment is imposed "to prevent crime and promote respect for the law" by providing a "general deterrent," confining defendants with "a lengthy history of criminal conduct[,]" and encouraging rehabilitation and restitution. Tenn. Code Ann. § 40-35-102(3) (2017).

- 4 -

Sentences of confinement "should be" based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2017).

In recognition of the limited resources of the state prisons, "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society[,] and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]" Tenn. Code Ann. § 40-35-102(5) (2017).

*Reliable Hearsay in the Presentence Report*

After accepting Defendant's guilty pleas, the trial court was required to determine the method and manner in which Defendant would serve his sentence based on evidence presented at "the sentencing hearing, the presentence report, [and] the validated risk and needs assessment[.]" Tenn. Code Ann. § 40-35-210(f) (2017). The presentence report was entered into evidence at the sentencing hearing by the State without objection by Defendant. Defendant did not make a hearsay objection or any other evidentiary objection concerning any of the offenses listed in the "Prior Record" section of the presentence report. "Reliable hearsay" is admissible at a sentencing hearing as long as "the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted." Tenn. Code Ann. § 40-35-209(b). Defendant did not deny that he committed the prior offenses of which he was convicted, nor did he seek a continuance to obtain evidence to refute the accuracy of the information in the presentence report.[1] *See State v. Richardson*, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993). Therefore, we determine the

---

[1] The presentence report was "submitted" on July 13, 2018, and filed July 16, 2018. Tennessee Code Annotated section 40-35-208 states that "[t]he presentence report shall be made available ten days prior to the sentencing hearing, which may be waived by the consent of all parties and the court." Because neither party nor the trial court objected to the report, we determine any objection to the late filing of the report was waived.

- 5 -

evidence of prior convictions contained in the presentence report was admissible as reliable hearsay.

The section of the presentence report concerning Defendant's "Prior Record" spans twenty-two pages and lists one hundred and twenty-eight separate charges. Although many of the charges were dismissed and therefore cannot be considered in determining the manner or method of service of the sentence, the presentence report shows that Defendant has been convicted of forty-four offenses since he turned nineteen; including convictions for driving under the influence, driving under the influence second offense, misdemeanor weapon possession, third degree assault, possession of drug paraphernalia, felony firearm possession by a person with a prior drug conviction (for which Defendant was sentenced to three years), misdemeanor reckless endangerment, felony possession of cocaine (for which Defendant was sentenced to five years), criminal impersonation, possession of less than one half ounce of marijuana, and resisting arrest. The "Prior Record" section of the presentence report also lists seven offenses for which Defendant was charged as a juvenile. As a seventeen-year-old, Defendant was "convicted" in New Jersey of aggravated assault and sentenced to two years' confinement. Because this offense if committed by an adult would be a felony, the trial court could properly consider the offense in determining the manner and method of service of the sentence. Tenn. Code Ann. § 40-35-114(16). Defendant was also "convicted" of resisting arrest, unlawful taking means of conveyance, and theft as a juvenile. These offenses would not constitute felonies if committed as an adult and cannot be considered in sentencing Defendant. *See* Tenn. Code Ann. § 40-35-114 (16) (2017); *State v. Jackson*, 60 S.W.3d 738, 744 (Tenn. 2001). Three juvenile charges were dismissed and, therefore, cannot be considered in sentencing.

In addition to the twenty-two pages of prior convictions and charges, the presentence report also lists nineteen warrants for violations of probation issued against Defendant when he resided in Delaware. Defendant was found in violation of probation on nine of those warrants.[2] Defendant was sentenced in Tennessee on August 18, 2017, to eleven months and twenty-nine days for vandalism and six months for resisting arrest. The aggravated assault and domestic assault to which Defendant pled guilty occurred on April 13, 2018, well before Defendant's vandalism sentence expired.

Attached to the presentence report is a seven page "Strong-R" risk and needs assessment. Under "High Needs[,]" the report states:

Aggression is an on-going concern.

---

[2] Another nine warrants are shown as pending, and one is shown as withdrawn, and these ten probation violation warrants cannot be considered in determining the method and manner of service.

- 6 -

[Defendant] has displayed threatening, aggressive or violent behaviors in the community during his lifetime.

Subject has per[p]etrated domestic violence against his/her current partner within his/her lifetime.

[Defendant]'s threatening, aggressive or violent behaviors have been motivated by conflict or stress.

[Defendant]'s threatening, aggressive or violent behaviors have been motivated by lack of medication compliance.

### Trial Court's Articulated Reasons for Denying Probation

"Every sentencing decision necessarily requires a case-by-case analysis considering 'the nature of the offense and the totality of the circumstances . . . including a defendant's background.'" *State v. Stevean Wilson*, No. E2015-01446-CCA-R3-CD, 2016 WL 1633031, at *5 (Tenn. Crim. App. Apr. 22, 2016) (citing *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986))*, perm. app. denied* (Tenn. Aug. 18, 2016). As the trial court found, Defendant's criminal history includes three felony convictions and forty-two misdemeanor convictions. Undoubtedly, Defendant has "a long history of criminal conduct[.]" Tenn. Code Ann. § 40-35-103(1)(A) (2017). Defendant was found to have violated probation nine times while he resided in Delaware, and he was on misdemeanor probation in Tennessee when he committed aggravated assault and domestic assault. Without question, "measures less restrictive than confinement have frequently or recently been applied unsuccessfully" to Defendant. Tenn. Code Ann. § 40-35-103(1)(C) (2017).

"[C]onvicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society[,] and evincing failure of past efforts at rehabilitation shall be given first priority" in regards to incarceration. Tenn. Code Ann. § 40-35-102(5) (2017). Crimes involving intentional acts of violence, such as aggravated assault involving strangulation, are among "the most severe offenses." The Strong-R report supports the trial court's finding that Defendant is "rated high for violence. You're just one I can't take a chance on."

We hold that the trial court's denial of probation for Defendant was based on a proper application of the purposes and principles of sentencing. The trial court properly determined that Defendant had an extensive history of criminal conduct, repeated violations of probation, was on probation when he committed the violent offenses of

aggravated assault and domestic assault, and had a history of aggressive and violent conduct. Therefore, the denial of probation and the sentence of confinement is presumed to be reasonable. Defendant failed to prove the trial court abused its discretion and failed overcome the presumption of reasonableness. *Caudle*, 388 S.W.3d at 280.

## Conclusion

For the aforementioned reasons, we affirm the judgments of the trial court.


_____

ROBERT L. HOLLOWAY, JR., JUDGE