# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2024

## STATE OF TENNESSEE v. SHANADA NICOLE SNIPES

**Appeal from the Circuit Court for Madison County**
**No. 21-184-B       Joseph T. Howell, Judge**

_____

## No. W2023-01573-CCA-R3-CD

_____

The Defendant, Shanada Nicole Snipes, pled guilty in the Madison County Circuit Court to aggravated robbery, aggravated assault, and multiple drug offenses. After a sentencing hearing, she received an effective ten-year sentence to be served in confinement. On appeal, the Defendant claims that the trial court erred by failing to apply mitigating factor (13) to her convictions. Upon review, we conclude that the trial court properly sentenced the Defendant. However, we also conclude that the Defendant's conviction of possession of a Schedule II controlled substance with intent to sell in count three must be reversed and vacated because the Defendant was not charged with that offense and that the case must be remanded to the trial court for correction of the judgment in count four to reflect that the Defendant received a ten-year sentence for possession of a Schedule II controlled substance with intent to deliver. The Defendant's convictions and effective ten-year sentence are affirmed in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Reversed and Vacated in Part, Case Remanded**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and ROBERT W. WEDEMEYER, J., joined.

Joshua L. Phillips (on appeal), Lexington, Tennessee, and J. Colin Morris (at trial), Jackson, Tennessee, for the appellant, Shanada Nicole Snipes.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jody Pickens, District Attorney General; and Lee R. Sparks and Bradley F. Campine, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTS

In April 2021, the Madison County Grand Jury returned a nine-count indictment, charging the Defendant, her brother, and another codefendant with aggravated robbery, aggravated assault while acting in concert with two or more other persons,[1] and seven drug offenses. On January 10, 2022, the Defendant entered into a "blind" plea agreement with the State in which she agreed to plead guilty to aggravated robbery in count one; aggravated assault in count two; possession of a Schedule II controlled substance, cocaine, with intent to sell and deliver in counts three and four, respectively; possession of a Schedule IV controlled substance, Xanax, with intent to sell and deliver in counts five and six, respectively; possession of a Schedule VI controlled substance, marijuana, with intent to sell and deliver in counts seven and eight, respectively; and possession of drug paraphernalia in count nine. At the guilty plea hearing, defense counsel stipulated that a factual basis existed for the guilty pleas. Therefore, the State did not recite a factual basis for the pleas on the record.

The trial court held a sentencing hearing on February 14, 2022. At the outset of the hearing, the State introduced the then twenty-year-old Defendant's presentence report into evidence. The agency statement in the report provided as follows: On November 13, 2020, the female victim drove to Muse Park in Jackson to meet the Defendant's brother, whom the victim knew as "Dre." The victim was going to pay Dre $300 that the victim owed to another man. Dre got into the front passenger seat, and the Defendant, whom the victim knew as "Draco," got into the back seat. Dre took the victim's money and cellular telephone, and the Defendant struck the victim's head multiple times with a pistol. During law enforcement's investigation of the incident, the victim positively identified photographs of Dre and the Defendant. Three days after the crimes, the police executed a search warrant at the home of the Defendant and her brother and found cocaine, Xanax, marijuana, plastic bags, and a digital scale in a camouflage bag in the Defendant's bedroom.

According to the presentence report, the Defendant dropped out of high school but planned to earn her high school diploma while in prison. She said in the report that she began using drugs and alcohol when she was fourteen years old; that she had "a pretty serious substance abuse problem" with alcohol, marijuana, cocaine, methamphetamine, and Xanax; and that she sold drugs in order to obtain drugs for personal use. The Defendant

---

[1] A crime of force or violence committed while acting in concert with two or more additional persons is classified one classification higher than if the crime was committed alone. *See* Tenn. Code Ann. § 39-12-302(a).

also said in the report that she successfully completed a drug treatment program in December 2019. The Defendant claimed in the report that she had a good relationship with her parents and that she had been employed by Black and Decker, ConAgra, Ryder, and a car parts factory. The report showed that she was adjudicated delinquent in juvenile court of felony evading arrest with a motor vehicle in 2019, aggravated robbery in 2019, and aggravated burglary in 2018.

Sergeant Adam Pinion of the Jackson Police Department testified for the State that he was the lead investigator for the robbery portion of this case. He interviewed the victim, the Defendant, and the Defendant's brother, and the Defendant admitted her involvement in robbing the victim. The Defendant gave a statement to Sergeant Pinion, and he read her statement into evidence:

> On Friday, me and two other people went to Muse Park to meet a girl who broke into my cousin's vehicle while he was in the hospital. I got into the back driver's seat and a guy got into the passenger's seat while we were in the car. I told her to give us what she had. The guy got some money, and I got the girl's phone. While we were in the car, I hit the girl a couple of times with a pistol that had a green laser on it. After that, we left. I went to Kroger and tried to sell the phone, but it wouldn't take it. Later on, the phone reset and I set it up under my account. The drugs and scales the police found at my house were probably in my backpack. The marijuana, cocaine, Xanax and digital scales were mine. The guns in the house do not belong to me.

Sergeant Pinion acknowledged that the Defendant's statement was consistent with the statements given by the victim and the Defendant's brother. He also acknowledged that the Defendant threatened the victim. The victim claimed that the Defendant pointed the gun at her and started counting backwards while demanding the passcode to the victim's phone so that the Defendant could unlock the phone.

On cross-examination, defense counsel asked Sergeant Pinion, "And this case was solved mainly because my client gave a statement cooperating with you, correct?" Sergeant Pinion answered, "No. We signed warrants on your client." Sergeant Pinion acknowledged that the Defendant gave a statement in which she incriminated herself and in which she explained what happened. However, Sergeant Pinion said that the Defendant "didn't want to identify her other Co-Defendant." Defense counsel asked if the Defendant cooperated with the police, and Sergeant Pinion answered, "Somewhat. . . . She did give a statement."

The State requested that the trial court apply enhancement factor (1), that the Defendant has a previous history of criminal convictions or behavior in addition to those

necessary to establish the appropriate range, because the Defendant had "a significant criminal history as a juvenile" and continued "taking from others" as an adult. *See* Tenn. Code Ann. § 40-35-114(1). The State also requested that the trial court apply enhancement factor (2), that the Defendant was a leader in the commission of an offense involving two or more criminal actors, because "[i]t was [the Defendant] who got into car with the gun, who pointed the gun at the victim, who demanded money from the victim, who pistol-whipped the victim, who pointed the gun and then started counting to get the victim to unlock the phone[.]" *See* Tenn. Code Ann. § 40-35-114(2). The State recommended that the Defendant serve an effective ten-year sentence in confinement. Defense counsel responded that the Defendant should receive an effective eight-year sentence based on her youth, drug addiction, cooperation with police, accepting responsibility for the crimes, and "any other general mitigating factor that you find." Defense counsel requested that the trial court place the Defendant into a rehabilitation program with the Tennessee Department of Correction (TDOC).

The trial court stated that it had considered the nature and characteristics of the crimes; the evidence that would have been presented at trial, including Sergeant Pinion's testimony and the Defendant's statement; the presentence report; the "guidelines toward sentencing"; and the arguments of counsel. The trial court agreed with the State regarding the two enhancement factors and applied enhancement factor (1) based on the Defendant's juvenile adjudications and enhancement factor (2). In mitigation, the trial court applied factor (13) for the Defendant's young age. *See* Tenn. Code Ann. § 40-35-113(13) (allowing the trial court to consider any other factor consistent with the purposes of sentencing). However, the trial court apparently gave the factor little weight because the court then stated,

> She's still young, but she's certainly established herself as far as criminal activity, even that as a juvenile, and the State argues going forward with it as an adult. These are serious offenses. People have a right to live in a safe and free community, and these are threats of violence.

The trial court found that the Defendant was a Range I, standard offender and sentenced her to ten years for aggravated robbery, a Class B felony, and four years for aggravated assault, a Class C felony.[2] Regarding the Defendant's convictions of possession of cocaine with intent to sell and deliver, Class B felonies, in counts three and four; possession of Xanax with intent to sell and deliver, Class D felonies, in counts five and six; and possession of marijuana with intent to sell and deliver, Class E felonies, in counts seven and eight, the trial court merged each set of convictions and sentenced the

---

[2] The trial court noted that the Defendant was required to serve the ten-year sentence for aggravated robbery at eighty-five percent release eligibility. *See* Tenn. Code Ann. § 40-35-501(k)(1).

- 4 -

Defendant to ten, three, and two years, respectively. For the Defendant's conviction of possessing drug paraphernalia, a Class A misdemeanor, the trial court sentenced her to eleven months, twenty-nine days at seventy-five percent release eligibility. The trial court ordered that the Defendant serve the sentences in confinement and recommended on the judgments that she participate in some type of drug program while in the TDOC.

## ANALYSIS

In her brief, the Defendant provides the following statement of the issue presented for our review: "Whether the Trial Court abused its discretion when it failed to consider an alternative sentence." However, in the argument section of her brief, she contends that the trial court erred by failing to apply mitigating factor (13), the "catchall" provision, to her convictions. *See* Tenn. Code Ann. § 40-35-113(13). The Defendant asserts that mitigating factor (13) was applicable in this case based on her taking responsibility for the crimes, pleading guilty, and expressing genuine remorse. The State argues that the trial court properly sentenced the Defendant. We agree with the State.

This court reviews the length, range, and manner of service imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) (applying the standard to alternative sentencing). In determining a defendant's sentence, the trial court is to consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the mitigating and enhancement factors, (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, (7) any statement by the Defendant in her own behalf about sentencing, and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. *See* Tenn. Code Ann. § 40-35-210(b); *see also Bise*, 380 S.W.3d at 697-98. The burden is on the Defendant to demonstrate the impropriety of her sentence. *See* Tenn. Code Ann. § 40-35-401, Sent'g Com'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

*Id*. at § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory factors are advisory only. *See id*. at § 40-35-114; *see also Bise*, 380 S.W.3d at 701; *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." *Carter*, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" *Id*. at 343 (quoting Tenn. Code Ann. § 40-35-210(d)). Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id*. at 346.

Initially, we note that the trial court misapplied enhancement factor (1), that the Defendant has a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range, based on her juvenile adjudications. Our supreme court has determined that enhancement factor (1) only applies to adult criminal conduct. *State v. Jackson*, 60 S.W.3d 738, 742 (Tenn. 2001). Nevertheless, enhancement factor (16), "[t]he defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult," was applicable. Tenn. Code Ann. § 40-35-114(16).

Regarding the trial court's failure to apply mitigating factor (13), the Defendant argues that consideration of the factor was appropriate because she accepted responsibility for her crimes by giving a statement to police and by pleading guilty and because she expressed genuine remorse. In support of her claim that she expressed genuine remorse, the Defendant refers to the written statement she prepared for her presentence report:

I went through a faze of corruption in my life 2 yrs ago that I desperately want to change[.] I ask for another shot at this life thing with a higher power consent to show that I'm a[n] African American that does not want to be known for harming or damaging others[.] I am not a menace just a [y]oung adult that made a poor decision that cost my whole young years[.]

This court has recognized that a defendant's cooperation with law enforcement, guilty pleas, and expression of genuine remorse warrant consideration under mitigating

factor (13). *See State v. Flatt*, No. M2008-01959-CCA-R3-CD, 2009 WL 4438285, at *17 (Tenn. Crim. App. Dec. 2, 2009). In this case, though, Sergeant Pinion refused to say that the Defendant fully cooperated with the police. While he acknowledged that she gave a statement in which she incriminated herself and explained what happened, he stated that she did not want to identify her other codefendant and that she cooperated "[s]omewhat." We note that in the Defendant's written statement for the presentence report, she said that she punched the victim's face twice and that no gun was involved, which contradicts her statement to Sergeant Pinion that she hit the victim with a pistol. Additionally, while the Defendant expressed remorse in the presentence report for her past behavior, she did not express genuine remorse for robbing or assaulting the victim. Therefore, we do not think the trial court erred by failing to apply mitigating factor (13).

To the extent the Defendant is arguing that the trial court should have ordered alternative sentencing, the Defendant did not cite any case law or make any argument in support of her position. Therefore, that issue is waived. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). In sum, we conclude that the trial court properly sentenced the Defendant.

Although not raised by either party, we notice in the indictment that the Defendant was charged with the same offense, possession of a Schedule II controlled substance, cocaine, with intent to deliver, in counts three and four. Therefore, her conviction of possession of a Schedule II controlled substance, cocaine, with intent to sell in count three must be reversed and vacated because the State did not charge her with that offense. Moreover, the trial court merged the convictions in counts three and four and pronounced one ten-year sentence, which is only reflected in the judgment for count three. *See State v. Berry*, 503 S.W.3d 360, 364 (Tenn. 2015) (order) (stating that "when two jury verdicts are merged into a single conviction, the trial court should complete a uniform judgment document for each count"). Accordingly, the case must be remanded to the trial court for entry of a corrected judgment in count four to reflect that the Defendant received a ten-year sentence for possession of a Schedule II controlled substance with intent to deliver. The Defendant's total effective ten-year sentence remains the same.

## CONCLUSION

Based on our review, we conclude that the Defendant's conviction of possession of a Schedule II controlled substance with intent to sell in count three must be reversed and vacated and that the case must be remanded to the trial court for correction of the judgment

in count four to reflect the Defendant's ten-year sentence for possession of a Schedule II controlled substance with intent to deliver. The Defendant's remaining convictions and sentences are affirmed in all other respects.

_____
JOHN W. CAMPBELL, SR., JUDGE