IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2018

## REGINALD TYRONE DONNELL v. RUSSELL WASHBURN, WARDEN

**Appeal from the Circuit Court for Trousdale County
No. 2018-CV-4686  John D. Wootten, Jr., Judge**

_____

**No. M2018-00706-CCA-R3-HC**

_____

The Petitioner, Reginald Tyrone Donnell, filed a petition for habeas corpus relief from his two convictions of second degree murder, contending that the indictment charging him was void and that a fatal variance existed between the indictment and the proof adduced at trial.  The habeas corpus court summarily dismissed the petition for failure to comply with the procedural requirements of Tennessee Code Annotated section 29-21-107, and the Petitioner appeals.  Upon review, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Reginald Tyrone Donnell, Hartville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; for the Appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The Petitioner was indicted for the first degree murder of Brenda Corder and the first degree murder of Deon Starks.  State v. Reginald Tyrone Donnell, No. M1999-02184-CCA-R3-CD, 2000 WL 1763685, at *1 (Tenn. Crim. App. at Nashville, Nov. 30, 2000), abrogated by State v. Jackson, 60 S.W.3d 738 (Tenn. 2001).  The jury convicted

the Petitioner of two counts of second degree murder.  Id.  On direct appeal, this court affirmed the Petitioner's convictions and sentences.  Id.

Thereafter, on February 7, 2018, the Petitioner filed a petition for habeas corpus relief, alleging that the indictment charging him with two counts of first degree murder was void because the prosecutor drafted the indictment, and it was signed only by the grand jury foreman, not all twelve grand jurors.  The Petitioner further alleged that a fatal variance existed between the indictment and the evidence at trial, namely that the trial court constructively amended the indictment when it instructed the jury it could consider the doctrine of transferred intent to convict the Petitioner of the second degree murder of Corder and Starks.

In ruling upon the motion, the habeas corpus court noted that the record before it was "scanty."  The habeas corpus court held that the Petitioner had "failed to comply with the minimal requirements under the Tennessee Habeas Corpus Act"[1] and found "that the failure to submit materials in accordance with the provision of the Habeas Corpus Act [was] fatal to his request for relief."  Accordingly, the habeas corpus court summarily dismissed the petition.  On appeal, the Petitioner challenges this ruling.

## II.  Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law.  Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007).  As such, we will review the trial court's findings de novo without a presumption of correctness.  Id.  Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal."  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired."  Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101.  In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable.  Taylor, 995 S.W.2d at 83.  "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'  We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal."

---

[1] The order did not state the specific deficiencies of the petition.

<u>Stephenson v. Carlton</u>, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting <u>Taylor</u>, 995 S.W.2d at 83).

Moreover, "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." <u>Archer v. State</u>, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

In the instant case, the Petitioner failed to attach the indictments or judgments of conviction to his petition. Our supreme court has cautioned that when documents pertinent to establishing the Petitioner's claim "are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." <u>Summers</u>, 212 S.W.3d at 261. We note that the Petitioner attached the indictment and judgments of conviction to his appellate brief in an apparent attempt to cure the error. However, "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." <u>Grover L. Dunigan v. State</u>, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. at Knoxville, Feb. 23, 2006); <u>see also</u> <u>State v. Matthews</u>, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990) (stating that Tennessee Rule of Appellate Procedure 28 "does not contemplate attaching a transcript of proceedings to a brief when the transcript has not been made a part of the record"). The Petitioner is not entitled to relief.

### III.  Conclusion

The judgment of the habeas corpus court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE